**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lourdes Graciela RODRIGUEZ-CASTILLO, a.k.a. Melissa Rodriguez, Defendant-Appellant.**

**No. 16-10041**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 21, 2016

William Ramsey Reed, Assistant U.S. Attorney, Elizabeth Olson White, Esquire, Assistant U.S. Attorney, USRE—Office of the US Attorney-Reno, Reno, NV, for Plaintiff-Appellee

Erica Choi, Wendi L. Overmyer, Assistant Federal Public Defenders, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Defendant-Appellant

\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM \*\*

Lourdes Graciela Rodriguez-Castillo appeals from the district court's judgment and challenges the 57-month custodial sentence and 3-year term of supervised release imposed following her guilty-plea conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez-Castillo contends that the district court procedurally erred by failing to explain why it was imposing a term of supervised release, despite the contrary directive of U.S.S.G. § 5D1.1(c). We review for plain error, see *United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The court sufficiently explained Rodriguez-Castillo's term of supervised release. See *United States v. Castro–Verdugo*, 750 F.3d 1065, 1072 (9th Cir. 2014).

Rodriguez-Castillo also contends that her 57-month custodial sentence and 3-year term of supervised release are substantively unreasonable. The custodial sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez-Castillo's criminal and immigration history. See U.S.S.G. § 2L1.2 cmt. n.8; *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Moreover, the district court did not abuse its discretion in imposing the term of supervised release as an added measure of deterrence and protection. See U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valda-*

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*vinos–Torres*, 704 F.3d 679, 692–93 (9th Cir. 2012).

**AFFIRMED.**

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.